**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COREY A. HAMMOND,** <br> **Petitioner,** <br><br> **v.** <br><br> **UNITED STATES OF AMERICA,** <br> **Respondent.** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **Crim. No. MJM-16-0562** <br> **Civ. No. MJM-21-2718** |

* * * * * * * * * *

**MEMORANDUM**

Petitioner Corey Hammond ("Petitioner") filed a Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255. ECF No. 139.[1] Respondent United States ("Respondent") filed a response opposing the motion. ECF No. 154. An evidentiary hearing is not warranted. *See* Rule 8(a), Rules Governing Section 2254 Cases and Section 2255 Procs. for the U.S. Dist. Cts. (Dec. 1, 2019), (hereinafter "Rules Governing §§ 2254 and 2255"); Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the motion shall be denied, and a certificate of appealability shall not issue.[2]

## I. BACKGROUND

The motion arises from a criminal action in which Petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine and was sentenced to 20 years of imprisonment.

On November 22, 2016, Petitioner was charged with one count of a two-count indictment. ECF No. 9. At his initial appearance, the Court appointed Gerald C. Ruter to represent him. ECF No. 27. On October 3, 2017, the grand jury returned a superseding three-count indictment,

[1] All ECF citations refer to filings made in Criminal Case No. MJM-16-0562.

[2] The Court will address Petitioner's pending motion for compassionate release in a separate order.

charging Petitioner in two counts: conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three). ECF No. 33.

The government did not make a formal plea offer to Petitioner in this case. ECF No. 154-1 at 1. Mr. Ruter had some informal discussions with government counsel early in the case about plea terms, including a stipulated sentencing range of 12 to 15 years of imprisonment, but Petitioner told Mr. Ruter that he was opposed to these terms and not interested in a plea agreement. *Id.* Informal discussions continued between counsel. *Id.* In early 2018, government counsel told Mr. Ruter that the government intended to file a notice of enhanced penalty based on a prior conviction pursuant to 21 U.S.C. § 846, which would raise the minimum prison sentence for Count One to 20 years. *Id.* Mr. Ruter told Petitioner about the government's plan and the potential 20-year minimum sentence, and Petitioner responded that he would take a plea deal to a five-year sentence. *Id.* Mr. Ruter told Petitioner that the government had rejected those terms and that it had enough evidence to convict Petitioner. *Id.* Petitioner disagreed. *Id.* Ultimately, the parties were unable to come to an agreement, *id.* at 2, and the government filed the § 846 notice in advance of trial. ECF Nos. 56 & 60.

At trial, the government detailed its investigation into Petitioner and his co-conspirators. The investigation, which was conducted jointly by the Drug Enforcement Administration ("DEA") and the Baltimore City Police Department ("BPD"), began in January of 2016 and focused on cocaine trafficking from Texas to Maryland. ECF No. 115 at 29–30. Over the course of the investigation, the DEA and BPD acquired judicial authorization to intercept phone calls and text messages from Petitioner's phone, as well as those of his co-conspirators and others. *Id.* at 21. Petitioner was identified by law enforcement as a result of these interceptions. ECF No. 116 at 7–

8. Intercepted phone calls and text messages were presented to the jury at trial and showed Petitioner communicating in code about payments for quantities of cocaine, including discussion of payment for eight kilograms. Two co-conspirators testified about Petitioner's involvement in the conspiracy, including Petitioner's participation in transactions of cocaine in quantities of five and ten kilograms. *Id.* at 34–36. The trial also included testimony from an expert witness, a DEA task force officer, who testified as to certain aspects of the drug trafficking trade, such as the interpretation of coded language, and the packaging, pricing, and distribution of cocaine in the greater Baltimore area. ECF No. 154 at 5. The Petitioner also testified, against the advice of his trial counsel. He testified that he "was not a part of any of this cocaine aspect, absolutely, unequivocally, none," and that the text messages presented at trial had nothing to do with cocaine. ECF No. 117 at 110:12–23, 146:23–25, 148:4–16. Petitioner also testified that he had no knowledge of the firearm recovered from his house. *Id.* at 131:17–24.

The jury found Petitioner guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count One) and not guilty of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three). ECF No. 74. Petitioner's motions for a new trial were denied, ECF No. 103, the matter proceeded to sentencing on August 31, 2018, and the Court imposed the statutory minimum term of imprisonment: 20 years, ECF No. 104; ECF No. 114 at 64.

On September 12, 2018, Petitioner filed a notice of appeal to the Fourth Circuit. ECF No. 106. On October 16, 2018, Marc G. Hall was appointed as appellate counsel for Petitioner. ECF No. 109. On appeal, Petitioner raised five issues: the treatment of his pre-trial motion related to the disclosure of the government's potential use of a cell-site simulator; his classification as a career offender for the purposes of sentencing; the denial of his motion for a new trial; the

admissibility of an allegedly old and irrelevant photograph; and, finally, the admissibility of expert testimony about coded language. ECF No. 129. The Fourth Circuit later issued a decision affirming the district court's judgment. *Id.*

Petitioner now moves to vacate his conviction and sentence, asserting claims of ineffective assistance of counsel against his trial counsel and appellate counsel. ECF No. 139; ECF No. 139-1. Petitioner claims that his trial counsel was ineffective for failing to convey a plea offer to him and to secure a plea agreement, to prepare him to testify at trial, and to object to a jury instruction. *Id.* at 3, 16, 23. He claims that his appellate counsel was ineffective for failing to raise arguments related to the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, and his career offender status. *Id.* at 20.

## II. LEGAL STANDARD

### A. Motion to Vacate

Pursuant to 28 U.S.C. § 2255, a prisoner serving a federal sentence in custody may seek to vacate, set aside, or correct his sentence on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack[.]"

"In deciding whether to grant an evidentiary hearing [on a habeas petition], a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). If, on the other hand, "the record refutes the [petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Berry v. United States*, 884 F. Supp. 2d 453,

463 (E.D. Va. 2012) (declining to hold an evidentiary hearing where the factual record precludes the possibility of relief). Such a determination falls within the district court's discretion. *See Schriro*, 550 U.S. at 475.

**B. Ineffective Counsel**

The Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Buck v. Davis*, 580 U.S. 100, 118 (2017). To mount a successful challenge based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in *Strickland*, 466 U.S. at 687–88. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that he was prejudiced by the deficient performance. *See Strickland*, 466 U.S. at 687; *Buck*, 580 U.S. at 118–19.

As to the first prong, the petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688; *see also Harrington v. Richter*, 562 U.S. 86, 104 (2011). "The [central] question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690). The Supreme Court has reiterated that the "first prong sets a high bar." *Buck*, 580 U.S. at 118. Notably, a "lawyer has discharged his constitutional responsibility so long as his decisions fall within the wide range of professionally competent assistance." *Id.* (citation omitted) (internal quotation marks omitted). The standard for assessing such competence carries "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689. Judicial review of counsel's performance is "highly

deferential" and is not based on hindsight. *Stokes v. Stirling*, 10 F.4th 236, 246 (4th Cir. 2021), *cert. granted, judgment vacated on other grounds*, 142 S. Ct. 2751 (2022).

Second, the petitioner must show that his attorney's deficient performance "prejudiced" the representation. *Strickland*, 466 U.S. at 687. A strong presumption of adequacy attaches to counsel's conduct, so strong that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. at 696. "The defendant bears the burden of proving *Strickland* prejudice." *Fields v. Atty. Gen. of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citation omitted). "If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Id.* (citation omitted).

## III. MOTION TO VACATE

### A. Plea Agreement

First, Petitioner contends that he received ineffective counsel because his trial counsel failed to convey to him any plea offer from the government. ECF No. 139 at 5; ECF No. 139-1 at 3. Petitioner contends that he was the only one of his co-conspirators who did not receive a plea offer, that plea negotiations routinely occur between the defense and government, and that it is highly implausible that his attorney would not pursue a plea. ECF No. 139-1 at 4.

But Petitioner fails to establish that the government conveyed any formal plea offer to Petitioner's trial counsel. For its part, Respondent has produced an affidavit from Petitioner's trial counsel, Mr. Ruter, confirming that the government never made a formal plea offer to Petitioner. Mr. Ruter had informal plea discussions with government counsel in advance of trial, and the substance of these discussions were conveyed to Petitioner, but Petitioner rejected the plea terms

that were under consideration. Mr. Ruter told Petitioner that the government rejected Petitioner's plea proposal.

In short, the record before this Court reflects that the government never made a formal plea offer to Petitioner, and Petitioner offers no evidence to the contrary. Petitioner's trial counsel could not have been deficient in failing to convey a plea offer the government never made, and Petitioner could not have been prejudiced in losing an opportunity to accept a plea offer that never existed. Thus, the Court rejects Petitioner's claim of ineffective assistance based on an alleged failure by trial counsel to convey a plea offer.

**B. Petitioner's Testimony**

Second, Petitioner contends that his trial counsel was ineffective in failing to prepare Petitioner for his testimony at trial. ECF No. 139 at 5; ECF No. 139-1 at 16–17. Following the *Strickland* test, Petitioner must show how additional preparation would have altered trial proceedings and demonstrate a reasonable probability that such a change would have avoided a guilty verdict. *See Marga v. United States*, Civ. No. RDB-11-2823, 2013 WL 1787963, at *8 (D. Md. Apr. 25, 2013) ("Petitioner must demonstrate that there is a 'reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different.'") (quoting *Strickland*, 466 U.S. at 694); *Jones v. United States*, Civ. No. 1:18CR58-1, 2024 WL 1744515, at *2 (M.D.N.C. Mar. 1, 2024), *report and recommendation adopted*, No. 1:18-CR-58-1, 2024 WL 1740437 (M.D.N.C. Apr. 23, 2024) (same).

In *Jones*, the court found that petitioner's ineffective counsel claim based his counsel's trial preparation fell short, as he "(A) ha[d] not identified how any additional communication or preparation would have altered anything that transpired at trial (including his testimony) and (B)

ha[d] not established a reasonable probability that any such alteration would have forestalled the guilty verdict[.]" *Jones*, 2024 WL 1744515, at *2–3.

Similarly here, Petitioner fails to meet either of the *Strickland* prongs. He was the only witness to testify in his defense, and he now describes his own testimony as "abysmal" due to a lack of preparation and his medical condition. ECF No. 139-1 at 16. Petitioner states that his trial counsel failed to prepare him to testify, yet he provides no description of what preparation he should have received, nor any clear explanation how better preparation for his testimony would have avoided a guilty verdict. Petitioner does not identify any specific flaws in his testimony. But even assuming his testimony did not help his defense, Petitioner fails to explain how better preparation would have avoided a guilty verdict.

Notably, the record confirms that Petitioner's trial counsel advised him not to testify, and he knowingly rejected that advice. ECF No. 117 at 110. Having asserted that his trial testimony was "abysmal," Petitioner cannot credibly argue that his trial counsel's advice against testifying was deficient. He decided to testify of his own volition, denying involvement in the charged conspiracy, after two of his co-conspirators testified to his direct participation, and his involvement was also demonstrated through phone calls, text messages, and business records. To prevail on his ineffective counsel claim, Petitioner must show that, despite the weight of the other evidence against him, the outcome of his trial would have been different had his trial counsel prepared him for his testimony. Petitioner fails to make that showing.

Accordingly, the Court rejects Petitioner's claim of ineffective assistance based on lack of preparation for his trial testimony.

**C. Appellate Representation**

Next, Petitioner argues that he received ineffective counsel on appeal because his counsel failed to argue that he should have faced a lower minimum sentence based on the FSA, which reduced the mandatory minimum following a § 851 notice from 20 to 15 years. ECF No. 139 at 6; ECF No. 139-1 at 20. Petitioner also argues that his counsel was ineffective because he failed to argue that the offense for which Petitioner was convicted "is not categorically a controlled substance offense for purposes of the career offender sentencing enhancement." ECF No. 139-1 at 20.

It is well established that appellate counsel is not obligated to assert all "nonfrivolous" issues on appeal. *Jones v. Barnes,* 463 U.S. 745, 751 (1983). Appellate counsel is "entitled to a presumption that [they] decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson,* 996 F.2d 1560, 1568 (4th Cir. 1993). Only when the issues ignored are "clearly stronger" than those presented "will the presumption of effective assistance of counsel be overcome[.]" *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986), *cited in Smith v. Robins*, 528 U.S. 259, 288 (2000). In this case, Petitioner must show that the issues his appellate counsel failed to raise on appeal were clearly stronger than those that were presented, and that such issues, if raised, would have likely produced a different outcome.

To start, the record reflects that Petitioner's counsel did raise Petitioner's career offender status on appeal, and the Fourth Circuit found that Petitioner qualified as a career offender. *See U.S. v. Hammond*, 821 Fed. Appx. 203, 205, 210 (4th Cir. 2020) (unpublished) ("Hammond appeals his conviction and sentence, challenging . . . his classification as a career offender in sentencing."). Therefore, the Court declines to analyze Petitioner's career offender status argument and turns to his FSA-related claims.

The FSA reduced the statutory minimum sentence required under 21 U.S.C. § 841 for Petitioner's offense of conviction from 20 years to 15 years. Section 401(c) provides the following, related to the applicability of this provision to § 841 enhancements in pending cases:

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

FSA § 401(c), 132 Stat. at 5221. Petitioner was sentenced on August 31, 2018, several months before the FSA was enacted on December 21, 2018. The Fourth Circuit has made clear that defendants are not entitled to relief under the FSA when their sentence was imposed prior to enactment. *See United States v. Braxton*, 789 Fed. Appx. 396, 397 (4th Cir. 2020) (quoting FSA § 401(c), 132 Stat. at 5221) ("Because [Petitioner] was sentenced before the enactment of the First Step Act, we conclude that he was not eligible for a sentence reduction."); *United States v. Merinord*, 813 Fed. Appx. 134, 136 (4th Cir. 2020), *as amended* (Aug. 28, 2020); *United States v. Brunson*, 968 F.3d 325, 335–36 (4th Cir. 2020).

The relevant provision of the FSA does not apply to Petitioner's sentence. He offers no reason to believe that any FSA-based challenge to his sentence would have produced a different outcome on appeal or would have been "clearly stronger" than the issues raised by his appellate counsel. *Smith,* 528 U.S. at 288.

In sum, Petitioner's appellate counsel's failure to raise the FSA on appeal was neither deficient nor prejudicial. Accordingly, the Court rejects Petitioner's claim of ineffective assistance based on the performance of his appellate counsel.

**D. Jury Instructions**

Finally, Petitioner claims his trial counsel was ineffective because he failed to object to a jury instruction that used an "or" instead of "and." ECF No. 139 at 6; ECF No. 139-1 at 23–24.

Specifically, he takes issue with the fact that the indictment stated that the object of the conspiracy was to "distribute *and* possess with intent to distribute" cocaine, while the jury instruction "substitute[ed] . . . the disjunctive 'or[.]'" *Id.* at 24 (emphasis added). The underlying statute at issue reads, in relevant part:

> [I]t shall be unlawful for any person knowingly or intentionally—
> (1) to manufacture, distribute, or dispense, *or* possess with intent to manufacture, distribute, or dispense, a controlled substance

21 U.S.C. § 841(a)(1) (emphasis added).

The decision to charge in the conjunctive ("and") and instruct the jury in the disjunctive ("or") is well established and not contrary to law. "When the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive." *United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009); *see also United States v. Causwell,* 10 Fed. Appx. 80, 87 n.4 (4th Cir. 2001) ("Causwell's argument is without merit, however, because where, as here, a statute is worded in the disjunctive, federal pleading requires that an indictment charge in the conjunctive, and it is then proper for the court to instruct the jury in the disjunctive.").

Here, Petitioner cannot show that his trial counsel was deficient in failing to challenge a non-defective jury instruction or that Petitioner was prejudiced by his counsel's failure to challenge it. Accordingly, the Court rejects Petitioner's claim of ineffective assistance based on the jury instruction issue.

## IV. CERTIFICATE OF APPEALABILITY

The district court "must issue *or* deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11(a), Rules Governing §§ 2254 and 2255 (emphasis added). Because the accompanying Order is a final order adverse to the applicant, if Petitioner

seeks to appeal, a certificate of appealability must first be issued by the Court. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has failed to satisfy this standard on any of his claims. Therefore, a certificate of appealability shall not issue.

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate pursuant to 28 U.S.C. §2255 (ECF No. 139) is DENIED. No certificate of appealability shall issue.

A separate Order will follow.

September 30, 2026
Date

/S/
Matthew J. Maddox
United States District Judge